**Cynthia Jean GOFF as Administrator of the Estate of Lawrence J. TORANGO, Plaintiff,**

v.

**HARRAH'S OPERATING COMPANY, INC.; et al., Defendants.**

**No. CV–N–0690–HDM(RAM).**

United States District Court, D. Nevada.

Feb. 7, 2005.

Peter C. Warner, Tempe, AZ, for plaintiff.

Lawrence M. Jarvis, Gregory C. Schodde, Alejandro Menchaca, Consuelo Garcia Erwin, McAndrews, Held & Malloy, Ltd., Chicago, IL, Robert C. Ryan, Klarquist

Sparkman LLP, Reno, NV, for Defendants.

## ORDER

MCKIBBEN, District Judge.

Defendant Aristocrat Leisure Limited has moved this court to dismiss Plaintiff's claim of unjust enrichment pursuant to Fed.R.Civ.P. 12(c).

■ A party may bring a motion for judgment on the pleadings "[a]fter the pleadings are closed but within such time as not to delay the trial." *Id.* A motion for judgment on the pleadings is appropriate when the allegations in the complaint are deemed true, and the moving party is entitled to judgment as a matter of law. *Westlands Water Dist. v. Firebaugh Canal,* 10 F.3d 667, 669 (9th Cir.1993).

In *Roll v. Tracor, Inc.,* 140 F.Supp.2d 1073, 1078 (D.Nev.2001),[1] the court acknowledged that "[i]t is a general principle of corporate law deeply 'ingrained in our economic and legal systems' that a parent corporation (so-called because of control through ownership of another corporation's stock) is not liable for the acts of its subsidiaries." *Id.* at 1078 (quoting *United States v. Bestfoods,* 524 U.S. 51, 61–62, 118 S.Ct. 1876, 141 L.Ed.2d 43 (1998)). The court also acknowledged the companion principle of corporate law that "the corporate veil may be pierced and the shareholder held liable for the corporation's conduct when, inter alia, the corporate form would otherwise be misused to accomplish

certain wrongful purposes, most notably fraud, on the shareholder's behalf." *Id.*

■ To pierce the corporate veil, a party must prove "by a preponderance of the evidence that the financial structure of the suspect corporation is only a sham" and that it caused an injustice. *Paul Steelman, Ltd. v. Omni Realty Partners,* 110 Nev. 1223, 885 P.2d 549, 550 (1994) (citations omitted).

Additionally, the Ninth Circuit Court of Appeals held that a parent may only be liable for the infringing actions of its subsidiary if "there is a substantial and continuing connection between the two with respect to the infringing acts." *Frank Music Corp. v. Metro–Goldwyn–Mayer, Inc.,* 886 F.2d 1545, 1553 (9th Cir.1989).

■ In the present case, Plaintiff has merely alleged that Defendant has been unjustly enriched "by intentionally allowing revenues derived by" its two subsidiaries to flow through to Defendant. *See Plaintiff's First Amended Complaint* at p. 15, lines 4–8. Plaintiff has failed to allege any facts that would show that Defendant's subsidiaries were merely sham corporations that caused Plaintiff an injustice. Additionally, Plaintiff has failed to allege that Defendant had a continuing and substantial connection with the alleged wrongful acts attributed to its subsidiaries. Since Plaintiff has failed to allege facts that would allow the court to set aside the general rule that a parent is not liable for the acts of its subsidiary, Plaintiff's claim for unjust enrichment fails.

---

1. Although Plaintiff argues that Australian law should be applied in the present case, Nevada choice-of-law rules dictate that unless there is an actual conflict between the two potential sets of laws, the law of the forum state is applied. *See Insurance Co. of N. Am. v. Hilton Hotels U.S.A., Inc.,* 908 F.Supp. 809, 814 (D.Nev.1995). Since both sets of laws are similar in the present case, Nevada law will be applied. *Compare Frank Music Corp.*

*v. Metro–Goldwyn–Mayer, Inc.,* 886 F.2d 1545, 1553 (9th Cir.1989), *with Donnelly v. Edelston,* 13 A.C.S.R. 196 (1994), *and Dennis Willcox Pty. Ltd. v. Federal Commissioner of Taxation,* 79 ALR 267, 272, 1988 WL 858970 (1988) (holding that the corporate veil can be pierced by proving that the corporate form was created to perpetrate a sham, facade, or fraud).

Accordingly, Defendant's Motion for Judgment on the Pleadings is GRANTED (# 72).

It is so ORDERED.